IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | CV 14–165–M–DLC |
| Plaintiff, | ORDER |
| vs. | |
| BRENDA HENRY, individually and for the ESTATE OF MICHAEL RAY LONG, SHAYNA LONG, GARRETT LONG, BILL PRICHARD, WILLIAM PRICHARD, BP CONSTRUCTION, and DEL BROTHERAS, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Summary Judgment. Plaintiff's motion indicated that Defendants planned to oppose the motion. However, counsel for Defendants filed a response conceding that the motion for summary judgment was well taken, and that the damages suffered by Defendants in their underlying claims against Plaintiff are excluded from policy coverage. For the reasons stated below, the Court grants the motion.

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The "mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252.

The underlying action is based on a fatal accident in Wolfpoint, Montana, on January 22, 2009. Michael Ray Long was killed while thawing a sewer line with a steamer. It is undisputed that Long was either an employee of, or an independent contractor for, Bill and William Pritchard, d/b/a/ BP Construction (the "Insured"). At the time of Long's death, the Insured had a Commercial General Liability ("CGL") Policy with Plaintiff in this action. Endorsement AGL-

055 8/05 in the CGL Policy precludes coverage for injuries to the Insureds' employees or independent contractors. The Court agrees with the parties that Exclusion e. **Employer's Liability of Coverage A. Bodily Injury and Property Damage Liability (Section I – Coverages)** applies to exclude coverage of the damages alleged by the Defendants in their underlying action. Further, as conceded by Defendants in their response to Plaintiff's motion (Doc. 23), the exclusion applies to exclude coverage of bodily injury to an employee or a contractor of the Insured, as well as bodily injury sustained by the spouse or child of an employee or contractor as a consequence of an injury to an employee or contractor. Defendants' underlying claims are thereby excluded from coverage.

IT IS ORDERED that Plaintiff's motion for summary judgment (Doc. 19) is GRANTED. This case is CLOSED.

DATED this 4th day of July, 2015.

Dana L. Christensen, Chief Judge
United States District Court